24

## CIRCUIT COURT OF FAIRFAX COUNTY

Stephen F. Brooks

v.

Ronald D. Becker et al.

January 31, 2005

Case No. (Law) 219257

BY JUDGE JANE MARUM ROUSH

This matter came on for a bench trial on November 2, 2004. At the conclusion of the trial, the parties agreed to submit their closing arguments in writing and the court took the case under advisement. I have now fully considered the pleadings, the exhibits, the testimony, and the arguments of counsel. For the following reasons, the court will enter an order finding in favor of the plaintiff.

*Facts*

The plaintiff, Stephen F. Brooks, seeks to pierce the corporate veil of Becker Interiors, Inc. (the "corporation" or "Becker Interiors") and hold its sole shareholder, officer, and director, Ronald D. Becker, personally responsible for a $54,597.09 judgment that Brooks obtained against Becker Interiors. Alternatively, Brooks seeks to set aside as fraudulent and voluntary conveyances certain payments Brooks Interiors made to, or on behalf of, Becker and defendant Robert LaPointe. In addition, Brooks seeks judgment against Becker and LaPointe under Va. Code § 18.2-499.

Becker was the sole officer, director, and shareholder of Becker Interiors, before the corporation terminated its corporate existence in October 2003. In 1999 and 2000, Becker Interiors was the project manager for a major renovation of a residence in McLean, Virginia, owned by Gary Kieft and Cindy Orser. Becker Interiors hired Brooks as a subcontractor on the

Kieft/Orser project. Brooks provided labor, skills, and materials to the project. Brooks was not fully paid by Becker Interiors. In a prior lawsuit in this court, Brooks obtained a judgment against the corporation on October 25, 2002, in the amount of $54,597.09. *Brooks v. Becker Interiors, Inc.*, At Law No. 203878 (Circuit Court of Fairfax County). Plaintiff's Ex. # 1.

Becker Interiors proved to be without assets to satisfy Brooks's judgment. Brooks alleges that Becker and his companion LaPointe siphoned Becker Interiors's assets for their personal use, leaving the corporation judgment-proof.

Brooks brought a six-count motion for judgment alleging the following causes of action:

Count I: Breach of Oral Contract (against Becker);
Count II: *Quantum Meruit* (against Becker);
Count III: Piercing the Corporate Veil (against Becker);
Count IV: Fraudulent Conversion;
Count V: Voluntary Conversion; and
Count VI: Civil Conspiracy (against Becker and LaPointe).

At trial, Brooks adduced evidence that demonstrated that Becker and LaPointe used approximately $100,000 of Becker Interiors's funds to renovate their residence, that employees of Becker Interiors were paid with company funds to perform some of the renovations on the residence, that Becker used $185,302 of corporate funds to pay his and LaPointe's personal credit card bills, that Becker sold corporate vehicles for $73,700 and deposited the funds into his personal account, that Becker took an income tax refund check made payable to the corporation in the amount of $12,850 and deposited it into his personal account, that Becker and LaPointe used $20,382 in corporate funds to make personal investments in Designer Elements, Inc., a corporation of which Becker was president and a 50% shareholder, and that the personal funds of Becker and LaPointe were commingled with those of Becker Interiors and Designer Elements.

At the close of the evidence, the plaintiff nonsuited Count II, his cause of action for *quantum meruit*. The defendants objected to the court granting equitable relief on the law side of the court. Plaintiff then moved to transfer the case to the equity side of the court in that some of the relief sought was equitable.[1] The court took that motion under advisement.

---

[1] On October 29, 2004, shortly before trial, plaintiff also moved Judge Bellows, acting as the "calendar control" judge to transfer the case to the equity side of the court. That

*Motion to Transfer Case to Equity*

At the conclusion of the evidence, the plaintiff renewed its motion to transfer the case to the equity side of the court under Va. Code § 8.01-270. The defendants argue that a motion to transfer the case from the law side of the court to the equity side of the court made after the close of the evidence comes too late.

The court will deny the motion to transfer the case to the equity side of the court as moot. The plaintiff made clear in his closing argument that Counts IV and V (seeking equitable relief) were pleaded as alternatives to Count III, in which the plaintiff seeks the remedy of piercing the corporate veil. Because the court is finding in favor of the plaintiff on Count III, as discussed below, the court need not consider the alternative theories of relief alleged in Counts IV and V.

*Discussion*

*1. Count I: Breach of Oral Contract*

No evidence was adduced at trial that Becker personally contracted with Brooks and agreed to pay Brooks's charges on the Kieft/Orser project, as alleged in Count I of the Motion for Judgment. Therefore, the court will find in favor of Becker on Count I.

*2. Count III: Piercing the Corporate Veil*

Defendant Becker argues that "piercing the corporate veil" is not recognized as a separate cause of action in Virginia and that it is an exclusively equitable remedy. "Piercing the corporate veil" has been described as a "judicially-created remedy." *C. F. Trust, Inc. v. First Flight, L.P.*, 266 Va. 3, 580 S.E.2d 806 (2003). Contrary to Becker's contention, there are several Virginia cases that have recognized a count seeking the remedy of piercing the corporate veil on the law side of the court. *See, e.g, Sloan v. Thornton*, 249 Va. 492, 457 S.E.2d 60 (1995); *Curley v. Dahlgren Chrysler-Plymouth*, 245 Va. 429, 429 S.E.2d 221 (1993); *Nedrich v. Jones*, 245 Va. 465, 429 S.E.2d 201 (1993).

---

request was denied, presumably because the calendar control judge does not hear and decide contested motions.

"The decision to ignore the separate existence of a corporate entity and impose personal liability upon shareholders for debts of the corporation is an extraordinary act to be taken only when necessary to promote justice." *C. F. Trust, Inc. v. First Flight, L.P., supra,* at 10. "No single rule or criterion can be applied to determine whether piercing the corporate veil is justified." *O'Hazza v. Executive Credit Corp.,* 246 Va. 111, 115, 431 S.E.2d 318 (1993).

Disregarding the corporate entity is usually warranted only under the extraordinary circumstances where:

> the shareholder sought to be held personally liable has controlled or used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage. Piercing the corporate veil is justified when the unity of interest and ownership is such that the separate personalities of the corporation and the individual no longer exist and to adhere to that separateness would work an injustice.

*O'Hazza,* 246 Va. at 115.

In this case, the evidence convinces the court that the extraordinary remedy of piercing the corporate veil should be granted. Becker knowingly violated his duties as an officer, director, and shareholder of Becker Interiors and treated the corporation's funds as his personal piggy bank. His testimony that the corporate expenditures on his personal residence were a legitimate business expense because he wanted to use the residence as a showcase of his work was simply not credible. Nor did the court believe Becker's testimony that he commingled his personal funds with the corporation's funds on the advice of his accountant. The court found more credible Becker's later testimony that his accountant was "mystified" by his co-mingling of funds between his personal and corporate accounts.

The Court concludes that this is that rare case where "the unity of interest and ownership is such that the separate personalities of the corporation and the individual no longer exist and to adhere to that separateness would work an injustice."

Accordingly, the court will enter judgment against Becker in the amount of $54,597.09 on Count III of the motion for judgment.

### 3. Counts IV and V: Fraudulent and Voluntary Conversion

These counts were pleaded as an alternative to the relief sought in Count III, piercing the corporate veil. Because the court is finding in favor of the

plaintiff on Count III, the court need not consider these alternative theories of relief.

### 4. Count VI: Civil Conspiracy

No evidence was adduced at trial that Becker and LaPointe intended to harm Brooks in his business by using corporate funds for their personal expenses. Rather, a reasonable inference from the evidence is that Becker and LaPointe were motivated by a desire for personal gain and a desire to avoid paying the corporation's creditors. That Brooks was harmed as an incidental effect of the defendants' actions does not mean that the defendants intended to harm the plaintiff. Simply put, the essential element of the cause of action, that Becker and LaPointe acted with legal malice towards Brooks, is absent from this case. Accordingly, the court will find in favor of the defendants on Count VI of the motion for judgment.

### Conclusion

For the foregoing reasons, the court finds in favor of the plaintiff on Count III of the motion for judgment and in favor of the defendants on Counts I and VI of the motion for judgment.